## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY ORTIZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-744 |
| | § | |
| | § | |
| DEBORAH L. SCHUBERT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND ORDER

Anthony Ortiz, representing himself, sued under 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act, alleging violations of his civil rights. He filed an amended complaint on May 22, 2017. The defendants moved to dismiss the amended complaint for failure to state a claim upon which relief can be granted, (Docket Entry No. 42). Ortiz responded to the motion. Based on the pleadings, the motions, and the applicable law, the defendants' motion is granted, and the plaintiff's amended complaint is dismissed with prejudice. Final judgment is separately entered. The reasons are explained below.

### I.     Background

Ortiz is an inmate in the Wallace Pack Unit of the Texas Department of Criminal Justice. He alleges that some of the inmates assigned to work in the prison cafeteria have Hepatitis C or are HIV positive. Ortiz contends that this unreasonably exposes him and other inmates to these diseases, in violation of his Eighth Amendment rights and of his rights under the Americans with Disabilities Act and the Rehabilitation Act.

II. **Analysis**

A. **The Rule 12(b)(6) Standard**

In reviewing a motion to dismiss under Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff and the facts alleged in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). The question under Rule 12(b)(6) "is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 601 (1969).

B. **Eleventh Amendment Immunity**

The Texas Department of Criminal Justice argues that it is immune from suit under the Eleventh Amendment. The court agrees. "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Ortiz's claims against the Texas Department of Criminal Justice must be dismissed under the Eleventh Amendment.

The individual defendants argue that they are entitled to Eleventh Amendment immunity for Ortiz's claims against them for money damages in their official capacities. A suit for damages against a state official in his official capacity is not a suit against the individual, but against the State. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). For the same reasons that the claim against the Texas Department of Criminal Justice must be dismissed, Ortiz's official-capacity claims for money damages against the individual defendants must also be dismissed.

## C. Personal Involvement

Ortiz alleges that Deborah L. Schubert, the Food Services Manager at the Pack Unit, placed inmates infected with hepatitis C and HIV in jobs where they can expose other inmates to their diseases. (First Amended Complaint at 5). He alleges no personal involvement by any other defendant.

### 1. Supervisory Defendants

Ortiz's claims against Lorie Davis, the Executive Director of the Texas Department of Criminal Justice–Correctional Institutions Division, Robert Herrera, the Warden of the Pack Unit, and Donald J. Bilnoski, the Assistant Warden of the Pack Unit, allege only that these defendants are liable based on their supervisory positions. (First Amended Complaint at 4-5; More Definite Statement at 5-6)). It is well established, however, that supervisory officials cannot be held liable under 42 U.S.C. § 1983 for the acts of their subordinates on a theory of supervisory liability. *Monell v. Dept't of Soc. Servs.*, 436 U.S. 658, 692 (1978). The claims under 42 U.S.C. § 1983 against Davis, Herrera, and Bilnoski must be dismissed.

### 2. The Other Defendants

Ortiz alleges that John Seigle, a Law Library Supervisor, improperly processed Ortiz's grievance about the subject of this lawsuit but Ortiz does not allege that Seigle had any involvement in assigning workers to the cafeteria. As noted, Ortiz makes no allegations about the other defendants' involvement except Schubert. (First Amended Complaint at 4-6; More Definite Statement at 5-6). To prevail on his claim, Ortiz must allege facts that could demonstrate each defendant's personal involvement in the alleged constitutional violation, or that each defendant committed wrongful acts causally connected to the alleged constitutional deprivation. *See Jones v.*

*Lowndes County, Mississippi*, 678 F.3d 344, 349 (5th Cir. 2012). Because Ortiz does not allege any personal involvement by any of the individual defendants other than Schubert, his claims against these defendants are dismissed.

### D. Schubert

Ortiz contends that Schubert violated his Eighth Amendment rights by allowing inmates with Hepatitis C and HIV to work in food service, exposing Ortiz and other inmates to these diseases. To prevail on this claim, Ortiz must plead facts that if proven could show that Schubert was deliberately indifferent to a serious risk of harm to Ortiz. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference" is more than mere negligence, *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976), but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk. *Id.* at 829, 836.

Courts addressing similar claims of risk from exposure to infected inmates have found that mere contact with infected inmates, even when the infected inmates released bodily fluids in the presence of others, did not state an Eighth Amendment claim. *See, e.g., Lacy v. Collins*, 66 F.32 321 (5th Cir. 1995) ("alleging exposure to the HIV virus is not a magic incantation that relieves a litigant from the established constructs of Eighth Amendment law"); *Jacob v. Clarke*, 129 F. App'x 326, 330 (8th Cir. 2005)("fears of possible infection from the prison food service because of the [HIV and Hepatitis C positive food service workers] remain speculative at best"). Because Ortiz fails to plead any significant risk of infection as a result of the presence of food service workers who have HIV or Hepatitis C, he fails to plead any facts supporting a claim that Schubert was deliberately

indifferent to a serious risk of harm to Ortiz.

### E. The ADA and Rehabilitation Act Claims

In addition to his constitutional claims, Ortiz asserts claims under Title II of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act. Both the Americans with Disabilities Act, 42 U.S.C. §§ 12111 *et seq.*, and the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.*, protect individuals with disabilities from discrimination in various settings. *See, e.g.*, 42 U.S.C. § 12132 ("no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity"); 29 U.S.C. § 794(a) ("No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance"). Ortiz does not allege that he has a disability within the meaning of either statute. He fails to plead facts showing that these statutes are applicable to him. His claims under these statutes are dismissed.

## III. Conclusion

The defendants' motion to dismiss, (Docket Entry 42), is granted. The Amended Complaint, (Docket Entry 20), is dismissed with prejudice.

SIGNED this 30 day of January, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge